```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
TIMOTHY E. DRAKE,

                         Plaintiff,           07-cv-377

              v.                              DECISION
                                              and ORDER
MICHAEL ASTRUE,
Commissioner of Social Security

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff, Timothy Drake ("Plaintiff"), brings this action pursuant to Sections 216(i) and 223 of the Social Security Act, claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for Disability Insurance Benefits ("DIB"). Specifically, the plaintiff alleges that the decision of the Administrative Law Judge ("ALJ"), Melvin D. Benitz, that the Plaintiff was not disabled within the meaning of the Social Security Act, was erroneous because it was not supported by substantial evidence in the record.

Both the Plaintiff and the Commissioner move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"). The Plaintiff claims that the decision was against the weight of the evidence, while the Commissioner claims the opposite. Because this court finds that the Commissioner's decision was not supported by substantial evidence in the record, judgment on the pleadings is granted for the Plaintiff, and the case is remanded to the Commissioner for the calculation of benefits.

**BACKGROUND**

Plaintiff filed an application for DIB on December 15, 2003 claiming an inability to work since October 27, 2003 due to anxiety, obsessive compulsive disorder, bi-polar disorder, high blood pressure and kidney stones. (Transcript of Administrative Proceedings at pages 38-40, 46, 55) (hereinafter "T."). At the time of the application, the Plaintiff was 33 years old, had a tenth grade education, was married, and had four children. (T. at 217, 219). He was on sick leave from his job as an assembler at General Motors at the time of filing, but was subsequently fired for extensive absences. (T. at 217, 508).

The Social Security Administration denied Plaintiff's application on April 9, 2004 (T. at 28). Plaintiff filed a timely, written request for a hearing on May 6, 2004 and on November 17, 2005 a Video Teleconference Hearing was held before ALJ Melvin D. Benitz (T. at 18). The claimant appeared with counsel and testified. (T. at 492-534). An independent vocational expert also appeared and testified at the hearing (T. at 492-534). In an opinion dated December 3, 2005, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (T. at 18). The Social Security Appeals Council denied further review and the ALJ's decision became the final decision of the Commissioner on April 18, 2007. (T. at 5). The Plaintiff then filed this action on June 13, 2007.

**DISCUSSION**

**I.   JURISDICTION AND SCOPE OF REVIEW**

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Court to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S. 319, 320 (1976). Additionally, Section 405 (g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Metropolitan Stevedore Co. v. NLRB, 305 U.S. 197, 229 (1938)). Section 405(g) thus limits this court's scope of review to two inquiries: (I) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, an (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Security of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

The Plaintiff and the Commissioner both move for judgment on the pleadings pursuant to Rule 12(c). Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

A District Court should order payment of Social Security disability benefits in cases where the record contains persuasive proof of disability and remand for further evidentiary proceedings would serve no further purpose. See Carroll v. Secretary of Health and Human Serv., 705 F.2d 638, 644 (2d Cir. 1981). The goal of this policy is "to shorten the often painfully slow process by which disability determinations are made." Id. Because this court finds that (1) the ALJ's decision was not supported by substantial evidence in the record, and (2) the record contains substantial evidence of disability such that further evidentiary proceedings would serve no further purpose, judgment on the pleadings is hereby granted for the Plaintiff, and denied for the Commissioner.

## II.   STANDARD FOR ENTITLEMENT TO SOCIAL SECURITY BENEFITS

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C. § 423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance); 42 U.S.C. § 1382c(a)(3)(A) (2004) (concerning SSI payments).  An individual will only be considered "under a disability" if his impairment is so severe that she is unable to do her previous work *and* unable to engage in any other kind of substantial gainful work that exists in the national economy. §§ 423(d)(2)(A) and 1382c(1)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." Id.  Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment.  20 C.F.R. § 404.1572(a); 20 C.F.R. §416.972(a).  Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized. §§ 404.1572(b) and 416.972(b).  Furthermore, "substantial gainful work" is considered available to an individual regardless of whether such work exists in her immediate area, whether a

specific job vacancy exists for her, or whether she would be hired if she were to apply for work. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an Administrative Law Judge, SSA regulations require the ALJ to perform the following five-step sequential evaluation:

- (i) if the claimant is performing substantial gainful work, she is not disabled;

- (ii) if the claimant is not performing substantial gainful work, her impairment(s) must be "severe" before she can be found to be disabled;

- (iii) if the claimant is not performing substantial gainful work and has a "severe" impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No.4, the claimant is presumed disabled without further inquiry;

- (iv) if the claimant's impairment(s) does not prevent her from doing past relevant work, she is not disabled;

- (v) even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v). The ALJ in this case performed the required five-step evaluation and determined that: (i) the Plaintiff had not engaged in substantial

gainful activity since October 27, 2003; (ii) the Plaintiff suffered from "depression with bipolar component and/or schizoid features," a severe impairment; (iii) the Plaintiff's impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.4; (iv) the Plaintiff, while unable to perform his past relevant work as an assembly lineman, had the residual functional capacity to perform "a significant range of sedentary work;" and (v) jobs in significant number exist in the national economy that accommodate Plaintiff's residual function capacity, including work as a mail sorter, an inspector, or a sorter. (T. at 18-27).

This court finds that the ALJ erred in his evaluation of the medical evidence by failing to afford appropriate weight to the opinion of the treating physician. Upon review of the entire record, giving controlling weight to the medical evidence of the treating physician, this court holds that the Plaintiff is disabled within the meaning of the Social Security Act.

**III. THE ALJ ERRED IN FINDING THAT THE PLAINTIFF WAS NOT DISABLED WITHIN THE MEANING OF THE SOCIAL SECURITY ACT.**

    **A.** <u>**The ALJ Erroneously Concluded That the Treating Psychiatrist's Opinion Should Not Be Afforded Controlling Weight**</u>

The opinion of a treating physician is controlling where it is well-supported by medical evidence and is not inconsistent with

other substantial evidence in the record. 20 C.F.R. §416.925(d)(2),§416.1527(d)(2). The ALJ must consider whether the physician had a treatment relationship with the patient, the length and nature of the treatment relationship, the consistency of the medical opinion with other evidence in the record, the supporting medical or laboratory findings, and the specialization of the physician to determine whether the treating physician's opinion should be adopted. 20 C.F.R. §§ 404 1527 and 416.927. "The ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." Rosa v. Callahan, 168 F.3d 72, 78-79 (2d Cir. 1999).

In cases where the Plaintiff alleges a disability primarily based on a mental impairment, the treating physician's opinion may be more important still. The American Psychiatric Association has listed the direct face-to-face interview as the "psychiatrist's *primary assessment tool.*" Westphal v. Kodak, No. 05-cv-6120, 2006 WL 1720380, at *5 (W.D.N.Y. Jun. 21, 2006)(citing the IV Evaluation Process). A treating psychiatrist's opinion, based on medical evidence derived from a treatment relationship consisting of face to face visits, is thus "inherently more reliable than an opinion based on a cold record because observation of the patient is critical to understanding the subjective nature of the patient's disease and in making a reasoned diagnosis." Id.

The ALJ is not required to give credit to the treating

psychiatrist's ultimate finding of disability, as that is an administrative decision reserved to the Commissioner. 20 C.F.R. §404.1527(d)(2), Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). However, in this instance the ALJ is required to give controlling weight to the treating psychiatrist's treatment reports over a two year period in determining Plaintiff's disability, since they are well supported by medically acceptable clinical and psychiatric treatment techniques, and not inconsistent with other substantial evidence in the record.

The ALJ rejected the opinion of the treating psychiatrist, Dr. Mark A. Varallo explaining, "The opinion of this doctor, appears on a fill-in-the-blank form, with no notes attached to it. Such reports unaccompanied by a thorough written report have been determined by the courts to be weak evidence and their reliability suspect...the opinion of this doctor...is not afforded significant weight as this opinion conflicts with the substantial evidence in the record." (T. at 24) (citations omitted). The ALJ neglected to consider, or even mention, the nearly 21 months of Dr. Varallo's treatment reports that are contained in the record. (T. at 215-216, 263-281, 290-306).

Dr. Varallo first saw the Plaintiff on December 17, 2003, upon referral from the Plaintiff's clinical psychologist Dr. Herbert Weiss. (T. at 193, 217). He conducted a preliminary evaluation in which he concluded that the Plaintiff was suffering from bipolar

disorder with possible associated psychotic fixtures and symptoms of obsessive compulsive disorder ("OCD") and post-traumatic stress disorder. (T. at 217-218). Dr. Varallo continued to see the Plaintiff monthly until October 25, 2005 at which point he had been diagnosed with schizoaffective disorder and bipolar disorder. (T. at 263, 306).

During the 24 months of treatment, Dr. Varallo recorded and submitted treatment notes for a 21 month period (T. at 263-281, 290-303) including the "fill-in-the-blank" form submitted to Metropolitan Life who managed the Plaintiff's disability claim. (T. 308). The treatment notes contain consistent symptoms of audio and visual hallucinations, depression, anxiety, paranoia, agoraphobia, suicidal ideations, negative thoughts, and poor concentration. For these symptoms, Dr. Varallo prescribed Zoloft 150 mg, Trazadone 150 mg, Abilify 15 mg, Xanax 1mg, and Depakote 500mg. (T. at 263-281, 290-303). His prognosis was "guarded" throughout treatment, and Dr. Varallo remarked on occasion that symptoms increased or decreased depending on stress levels, medication changes, sleep deprivation and physical health. (T. At 263-281, 290-303). Dr. Varallo also remarked on the patient's frustration with his physical problems, particularly kidney stones, which caused him to feel overwhelmed and depressed. (T. at 304). On his last treatment, Dr. Varallo recorded that the Plaintiff was "fragile" and "[c]ontinues to struggle." (T. at 306). His summary concerning

the nature and severity of the Plaintiff's impairments is entitled to controlling weight because it was made by a treating physician over a 21-month period, based on face-to-face consultations, which is an acceptable psychiatric clinical technique.

In addition, the record contains other evidence that supports Dr. Varallo's assessment of the Plaintiff's condition. Plaintiff testified that his impairments, including anxiety and OCD, interfered with his ability to work. (T. at 55, 56, 497). He also testified to several physical impairments, for which there are multiple hospital records, including kidney stones and back problems. (T. at 501-502, 509, 179-189, 196-214). He testified that medication helped, but that it made him drowsy, which also limited his ability to work. (T. 521, 524). Dr. Herbert Weiss, the clinical psychologist who referred the Plaintiff to Dr. Varallo, assessed that he had severe anxiety, depression, OCD, compulsions, and auditory hallucinations. (T. at 193). Dr. Rick Kent, County of Orleans Department of Mental Health, also echoed the symptomology and diagnosis of Dr. Varallo and Dr. Weiss. (T. at 287). While Dr. Kent reported that Plaintiff's case was previously closed because he had missed treatment appointments, his explanation of symptoms and diagnosis were not altered because of this fact, as the ALJ suggested in his opinion. (T. at 285-287, 23).

The state hired psychiatric examiner, Dr. Christine Ransom submitted her opinion and diagnosis of the Plaintiff based entirely

on examination of the record and one meeting with the Plaintiff. (T. at 224). She found that the Plaintiff should continue treatment for psychotic disorder and have an intellectual assessment. (T. at 222). Her assessment of the Plaintiff was "fair" and she stated, "results of [this] evaluation appear to be consistent with claimant's allegations. Diagnosis: Axis I psychotic disorder NOS, currently moderate. Axis II limited intellectual capacity, which should be assessed. Axis III kidney stones." (T. at 222). Likewise, the Psychiatric Review Technique, performed by Dr. George Burnette was also completed on a fill-in-the-blank form with limited contact with the Plaintiff. (T. at 229-248). Dr. Burnett found that the Plaintiff was not "significantly limited in all other areas of mental activity." (T. at 25). While Dr. Ramon and Dr. Burnett both found that the plaintiff was able to follow simple instructions and complete simple or repetitive tasks, there opinions were not based on the type of treatment relationship that existed between the Plaintiff and Dr. Varallo and should no be given the same weight. (T. at 221, 229-33, 236-249); 20 C.F.R. §416.927 (d) (2) (i) (ii)(the opinion of the treating physician is controlling where it is well supported by medical evidence and not inconsistent with other substantial evidence in the record).

### B. **The ALJ Erred in Finding that the Plaintiff was not disabled within the meaning of the Social Security Act.**

While the ALJ properly discounted Dr. Varallo's opinion that the Plaintiff was totally disabled, nonetheless, his opinion of the

nature and severity of the Plaintiff's impairments should have been given controlling weight. 20 C.F.R. §404.1527(d)(2), <u>Snell v. Apfel</u>, 177 F.3d 128, 134 (2d Cir. 1999). Dr. Varallo's medical opinion was well supported by medically acceptable clinical and laboratory diagnostic techniques and it was not inconsistent with other substantial evidence in the record. His opinion met all of the factors set forth in 20 C.F.R. §416.927 (d) (3)(4)(5)(6), §416.1527(d) (3), and should be controlling in the determination of disability.

Dr. Varallo's medical opinion, in addition to the opinions of the other physicians who treated the Plaintiff, support the conclusion that the plaintiff was disabled within the meaning of the Social Security Act. The ALJ's conclusion that the plaintiff was capable of completing daily tasks and functioning in a competitive work environment is not supported by the medical evidence in the record. Likewise, the opinion of the vocational expert, that the Plaintiff could perform the requirements of a mail sorter, a general sorter, or an inspector, considering his age, education, work experience, and physical limitations is also not supported by the weight of the medical evidence. While the Plaintiff has a wife and four children, and is able to take care of himself to some extent on a daily basis, his mental and physical limitations leave him unable to work in any capacity and therefore he is disabled within the meaning of the Social Security Act. This

conclusion is supported by substantial evidence in the record including the opinion of Plaintiff's treating psychiatrist, Dr. Varallo.

## **CONCLUSION**

This court finds that the Commissioner's decision denying the Plaintiff's disability application was not supported by substantial evidence. The record contains substantial evidence of Plaintiff's disability such that further evidentiary proceedings would serve no further purpose. I therefore grant judgment on the pleadings in favor of the plaintiff and remand this matter to the Social Security Administration for calculation of benefits.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 30, 2008